# CONSTANTINE CANNON LLP

**Owen Glist**
212-350-2776
oglist@constantinecannon.com

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

April 7, 2020

**BY ECF**

Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square, Room 619
New York, NY 10007

      Re:    *Calcano v. The Finish Line, Inc.,* No. 19 Civ. 10064 (ER)

Dear Judge Ramos:

      The Retail Litigation Center, Inc. ("Retail Litigation Center"), Restaurant Law Center ("Restaurant Law Center"), National Retail Federation ("NRF"), Retail Gift Card Association ("RGCA"), and National Association of Theater Owners ("NATO"), with the consent of the Defendant,[1] respectfully seek leave to file the attached amici curiae brief.[2]  This action is one of nearly 250 essentially identical suits pending in the United States District Courts for the Eastern and Southern Districts of New York.[3]  These cases involve issues with broad ramifications for the thousands of retailers, restaurants, and theaters who comprise Amici's membership.

      The Retail Litigation Center is the only trade organization dedicated solely to representing the retail industry in the judicial system.  The Retail Litigation Center seeks to provide courts with retail-industry perspectives on important legal issues impacting its members and to highlight the

---

[1] Defendant consents to the filing of the brief.  Plaintiff opposes and requested that we inform the Court: "We deem this filing to be abusive, unwarranted and totally uncalled for in the face of the emergency brought on by the Corona Virus and our law offices are closed by governmental decree and we are all self-quarantined."  Amici have no objection if Plaintiff needs additional time to respond.  The proposed brief is identical to one that several courts have accepted for filing over plaintiffs' same objections.  *See Matzura v. Red Lobster Hospitality LLC*, No. 19 Civ. 9929 (MKV)(DCF); *Lopez v. Kahala Restaurants, L.L.C.*, No. 19 Civ. 10077 (AJN) (S.D.N.Y.); *Mendez v. Outback Steakhouse*, 19 Civ. 9858 (JPO) (S.D.N.Y.); *Camacho v. Dave & Buster's Ent. Inc.*, 19 Civ. 6022-GRB-RER (E.D.N.Y.); *Tucker v. Saks Fifth Avenue LLC*, 19 Civ. 10289 (LTS)(RWL) (S.D.N.Y.); *Tucker v. Ulta Beauty, Inc.,* 19 Civ. 9845 (KPF) (S.D.N.Y.); *Dominguez v. Taco Bell Corp.*, 19 Civ. 10172 (LGS) (S.D.N.Y.); *Dominguez v. Athleta, LLC*, No. 19 Civ. 10168 (GBD) (S.D.N.Y.).

[2] No party's counsel authored the brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting the brief; and no person – other than amici curiae, their members, or their counsel – contributed money that was intended to fund preparing or submitting the brief.

[3] Appendix A to this letter sets out the other similar cases pending before the Court.

CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

April 7, 2020
Page 2

potential industry-wide consequences of significant pending cases. Since its founding in 2010, the Retail Litigation Center has participated as an amicus in more than 150 judicial proceedings. Its amicus briefs have been favorably cited by courts including the U.S. Supreme Court. *See, e.g.*, *South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2097 (2018); *Kirtsaeng v. John Wiley & Sons, Inc.*, 586 U.S. 519, 542 (2013).

The Restaurant Law Center is a public policy organization affiliated with the National Restaurant Association, the largest foodservice trade association in the world. The Restaurant Law Center provides courts with the industry's perspective on significant legal issues. Specifically, the Restaurant Law Center highlights the potential industry-wide consequences of pending cases, such as this one, through amicus briefs.

NRF is the world's largest retail trade association, representing the nation's largest private-sector employer and an industry that contributes $2.6 trillion dollars to annual GDP. NRF advocates for the retail industry on a wide range of issues, regularly weighing in on legislation being considered by Congress, regulations proposed by federal agencies, and lawsuits. NRF's amicus briefs have been cited favorably, including cases in the Second Circuit. *See, e.g.*, *Constellation Brands, U.S. Operations, Inc. v. NLRB*, 842 F.3d 784, 791 n.20 (2d Cir. 2016).

RGCA — the only nonprofit trade association representing the gift card industry — is comprised of members committed to promoting and protecting the use of retail gift cards. RGCA members follow a code of principles promoting best practice standards that support consumer-friendly policies for the purchase and redemption of gift cards.

Finally, NATO is the largest motion picture exhibition trade organization in the world, representing more than 33,000 movie screens in all 50 states, and additional cinemas in 103 countries worldwide. NATO's membership includes the largest cinema chains in the world and hundreds of independent theater owners.

While the decision to permit a party to file an amicus brief is reserved to the Court's discretion, "[a]n amicus brief should normally be allowed . . . when the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *C & A Carbone, Inc. v. County of Rockland, NY*, No. 08-cv-6459-ER, 2014 WL 1202699, at *3-4 (S.D.N.Y. Mar. 24, 2014) (citation omitted). Amici's interest in this matter and unique perspective favor allowing their participation.

Any decision on the issues pending before this Court will have broad ramifications for amici's industries. As noted, there are hundreds of suits pending in the Eastern and Southern Districts of New York alleging that a retailer or restaurant violated the Americans with Disabilities Act (ADA) and New York civil rights laws by failing to sell gift cards embossed with Braille. All of the actions are controlled by the same initial legal issue: whether the ADA requires a place of

## CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

April 7, 2020
Page 3

public accommodation to provide gift cards in Braille.  Consequently, a decision in this case could ripple throughout the hundreds of other nearly identical suits.  Judges in this District have allowed amicus participation in analogous circumstances, noting that "[a] full airing of the issues at stake is . . . particularly desirable," when "it is fairly evident that the ultimate outcome of [the] litigation could prove dispositive in future disputes over [the same legal issue]."  *C & A Carbone*, 2014 WL 1202699, at *4.

      Further, amici have insights and perspectives on the dynamics of gift cards that may be useful to the Court.  Given the size and scope of their membership, amici appreciate the broader context in which gift cards operate, so much so that the Complaint actually cites and relies on NRF data concerning gift card usage.  As national organizations representing thousands of retailers, restaurants, and theaters, amici also have unique perspectives on the importance of preserving the carefully crafted boundaries created by the express language of the ADA and its implementing regulations.  Those boundaries protect public accommodations' ability to sell the goods of their choosing and empower them to decide which auxiliary aids or services they will offer to effect communication with customers with disabilities.  This action and the hundreds like it challenge these fundamental ADA provisions.

      Where, as here, the resolution of questions of statutory interpretation is likely to have an impact beyond a single case, trade group insights "help[ ] ensure that there has been 'a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'"  *C & A Carbone*, 2014 WL 1202699, at *4 (quoting *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)).  Permitting amici to participate in this case ensures a fulsome presentation on legal issues that are significant to a wide range of retailers, restaurants, theaters, and other businesses.

      Finally, amici also have unique insight into the extensive regulatory framework that already governs gift card contents, including the ways in which the type of line-drawing that would be required to grant the relief Plaintiff seeks could expose amici's members to competing and contradictory regulatory obligations.

      For the foregoing reasons, amici respectfully request leave to file the attached brief.

Respectfully submitted,

*/s/ A. Owen Glist*
A.  Owen Glist

# APPENDIX A: Cases Assigned
# To The Honorable Edgardo Ramos

- *Tucker v. Express, Inc.,* No: 1:19-cv-09840-ER
- *Tucker v. Chik-Fil-A,* No: 1:19-cv-09844-ER
- *Murphy v. The Home Depot, Inc.,* No: 1:19-cv-09920-ER
- *Lopez v. West Elm, Inc.,* No: 1:19-cv-10079-ER
- *Thorne v. Panda Express,* No: 1:19-cv-10101-ER
- *Murphy v. Cost Plus, Inc.,* No: 1:19-cv-10324-ER
- *Dominguez v. Marshalls of MA, Inc.,* No: 1:19-cv-10626-ER
- *Mendez v. Edelman Shoe, Inc.,* No: 1:19-cv-11185-ER